IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOHO CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUAL, CORPORATION, LIMITED LIABILITY COMPANY, PARTNERSHIP AND UNINCORPORATED ASSOCIATION IDENTIFIED ON AMENDED SCHEDULE A HERETO, <br><br> Defendants. | Case No. 24-cv-12430 <br><br> Judge Jeremy C. Daniel |

**ORDER**

THIS CAUSE coming before the Court on Plaintiff TOHO CO., LTD.'s ("Plaintiff") *Ex Parte* Motions for Expedited Discovery and Electronic Service (the "Motions") against the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, the "Defendants") and using at least the online marketplace accounts identified in Amended Schedule A (the "Online Marketplaces"), and this Court having considered the Motions and the accompanying record, GRANTS Plaintiff's Motion as follows.

This Court finds that, in the absence of adversarial presentation, it has personal jurisdiction over Defendants since each Defendant directly targets its business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that

---

[1] The e-commerce store urls are listed on Schedule A hereto under the Online Marketplaces.

Defendants have targeted sales to Illinois residents by setting up and operating at least one e-commerce store that targets United States consumers using one or more seller aliases, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and/or funds from U.S. bank accounts, and has sold products using infringing and counterfeit versions of Plaintiff's federally registered trademarks and copyrights (the "GODZILLA Trademarks and Copyrights") to residents of Illinois. Accordingly, this Court orders that:

1. Plaintiff is authorized to issue expedited written discovery to Defendants and those in privity with Defendants, including the Walmart and Payoneer e-commerce platforms, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

    a. the identity and location of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with it, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with their Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendants, including its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with it, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Walmart, Payoneer or other merchant account providers,

        payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

2. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for the Defendants, or in connection with Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as Walmart and Payoneer (the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

    a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Walmart and Payoneer, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Any Third-Party Providers, including Walmart and Payoneer, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Amended Schedule A hereto, the e-mail addresses identified in Exhibit 3 to the Declaration of Koji Ueda, and any e-mail addresses provided for Defendants by third parties; and

4. Plaintiff may provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Amended Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 3 to the Declaration of Koji Ueda and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "GUYUIIEI and all other Defendants identified in the Amended Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford it the opportunity to present its objections.

Date: 4/1/2025

ENTERED:

_____
Jeremy C. Daniel
United States District Judge

## Amended Schedule A

| No. | Defendant Name / Alias |
|---|---|
| 4 | GUYUIIEI |
| 5 | SANBAYCN |

| No | Defendants Online Marketplace |
|---|---|
| 4 | https://www.walmart.com/seller/101652961 |
| 5 | https://www.walmart.com/seller/101592918 |